UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **LONG TIMERS GROUP,** ET AL.,           ) | |
| ) | |
|       **PLAINTIFFS**             ) | |
| ) | |
| v.                                                        ) | CIVIL NO. 08-305-P-H |
| ) | |
| **MARTIN A. MAGNUSSON,** *in his*  ) | |
| *capacity as Commissioner of the Maine* ) | |
| *Department of Corrections*, ET AL.,       ) | |
| ) | |
|       **DEFENDANTS**           ) | |

**ORDER ON PENDING MOTIONS**

This is a lawsuit by prisoners concerning the Maine Department of Corrections' ("MDOC") mail policy.  On March 4, 2009, the Magistrate Judge recommended that I certify a class of the adult inmate population of all MDOC facilities under Fed. R. Civ. P. 23 (b)(2).  Later, however, differences arose between the prisoners and their lawyer, attorney Bruce M. Merrill.  The lawyer filed a motion to withdraw that would be effective upon my adopting the Magistrate Judge's recommended decision to certify the class.  In a conference of counsel, I pointed out that I could not certify a class without appointing class counsel. Since it was becoming apparent that there would be *no* lawyer once I certified the class, I issued an Order to Show Cause on October 21, 2009, why I should not deny the motion for class certification.  Since then, there has been an assortment of filings by individual prisoners and the lawyer, but no alternative lawyer has

been proposed to represent the punitive class.  The Show Cause Order's deadline has now passed.

Several things under Rule 23 are clear.  Neither the plaintiffs nor the lawyer they have chosen can determine who will be class counsel; only the judge can make that determination.  A judge cannot certify a class without appointing class counsel.  Fed. R. Civ. P. 23(c)(1)(B).  A judge cannot select as class counsel any lawyer unless satisfied that that particular lawyer will "fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g).

Here, it is apparent that I cannot assess the competency of class counsel because the only lawyer in the picture wants out.  There is no basis for me to compel that lawyer to remain in the lawsuit, particularly given the obvious, deep differences between him and his clients.  Without a lawyer, there can be no class certified.  Accordingly, I **REJECT** the Recommended Decision and **DENY** the motion to certify a class.  I also **GRANT** Attorney Merrill's motion to withdraw.

I note that the plaintiffs suggest something underhanded in Attorney Merrill's notifying the court of his request to withdraw.  Apparently, what they wanted him to do was get the Recommended Decision adopted first, so that the class would be certified, and only then withdraw.  Obviously, however, as an officer of the court, Attorney Merrill had a professional obligation to notify the court what was afoot.  Had he proceeded any other way, it would have been a dereliction of duty and would have led to immediate class decertification in any event.  It is not for me to entertain the plaintiffs' other complaints against their lawyer; those can be presented to the board that governs the conduct of lawyers.

I also observe that individual plaintiffs have filed a variety of documents concerning the settlement negotiations with the Attorney General's office, as has Attorney Merrill. I make absolutely no comment on the merits or lack of merits to the plaintiffs' position under the substantive law applicable to their claims. It is not the role of the judge to get in the midst of settlement discussions, except by agreement of all parties.

Moreover, in an abundance of caution and because the individual plaintiffs seemed to be proceeding without legal advice or knowledge, I temporarily sealed those documents since they might reveal attorney-client privileged information and/or impair settlement discussions. In retrospect, however, it seems to me that the individual plaintiffs had no desire to keep those matters confidential. Accordingly, they shall notify the court by November 30, 2009, why the seal should not be lifted.

The motion to strike Affidavit of Counsel is **DENIED**.

The motion to extend time is **MOOT**.

The motion to Stop Attorney Merrill From Continuing Settlement Discussions In This Matter is **MOOT**.

There is no basis for me to appoint a lawyer in this civil case.

Finally, I observe that one of the plaintiffs is a corporation. Under First Circuit law a corporation cannot appear in federal court without a lawyer. Instituto de Education Universal Corp. v. United States Dep't of Educ., 209 F.3d 18, 22 (1st Cir. 2000); In re Las Colinas Dev. Corp., 585 F.2d 7, 13 (1st Cir. 1978); J.J.R. Distributing Corp. v. Sandler Bros., 2009 WL 2562669 n.16 (D. Me.).

Accordingly, the plaintiff Long Timer's Group, Inc. is given until November 30, 2009 to obtain a lawyer, failing which it will be dismissed from the lawsuit.

Following the determination of whether the plaintiff Long Timer's Group, Inc. remains in the lawsuit, the Magistrate Judge shall issue a scheduling order and control the further procedural progress of the case.  Since this is now a prisoner lawsuit, neither a class action nor one represented by a lawyer, it shall be referred to Magistrate Judge Kravchuk, who handles the prisoner lawsuits in this District.

**SO ORDERED.**

**DATED THIS 12TH DAY OF NOVEMBER, 2009**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4