UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LONG TIMERS GROUP, INC., et al.,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  ) Civil No. 8-305-P-H<br>  )<br>MAINE DEPARTMENT OF CORRECTIONS,  )<br>et al.,  )<br>  )<br>Defendants.  ) | |

**ORDER ON MOTION TO AMEND COMPLAINT**

This case began in September 2008 as a putative class action, filed by an attorney, on behalf of an association of state prisoners complaining about prison mail policy and prisoner allowable property policy. As the case made its way toward class certification, the State of Maine and the prisoners' counsel engaged in settlement negotiations. The prisoners became dissatisfied with their counsel's representations, culminating in an order issued by Judge Hornby on November 12, 2009, that allowed the attorney to withdraw, denied class certification, and gave the corporate plaintiff until November 30, 2009, to have new counsel appear on its behalf or be dismissed from the lawsuit because the corporate plaintiff could only appear through counsel. On December 1, 2009, the Long Timers Group, Inc. was dismissed from the lawsuit and the matter was referred to me for issuance of a scheduling order. The two named plaintiffs now appear pro se in this lawsuit.

On December 11, 2009, I held a telephone conference with the Assistant Attorney General who represents the Department of Corrections and the two remaining plaintiffs, Nadim Haque and Tyson Andrews. During the conference it became apparent to me that the case had a number of new twists and turns and that the first order of business would necessarily be allowing

each of the plaintiffs an opportunity to amend "the complaint." The issue that arose was whether it was appropriate for these two individual plaintiffs to remain joined in one lawsuit. One inmate is housed at the Maine State Prison and the other is now at Downeast Correctional Facility in Machiasport, Maine. They may find that their issues have diverged. Prison rules forbid the two inmates from directly mailing to each other, creating an additional hurdle to the continued joint prosecution of this lawsuit. Attorney Sleek, on behalf of the Department, announced that newly minted policies regarding prisoner mail rules may have rendered moot some aspects of the initial complaint. Plaintiff Haque indicated he had seen those policy revisions and Plaintiff Andrews had not seen them. The parties were given until February 16, 2010, for amendment of the pleadings and both plaintiffs have individually filed a timely motion to amend.

This order addresses Nadim Haque's Motion for leave to File Amended/Supplemental Complaint (Doc. No. 59) to which the defendants have filed an objection. I now grant the motion, in part, and direct the clerk to enter Plaintiff Haque's proposed amended complaint on the docket, subject to the excisions I have made to that document as reflected in this order and the attached document. The clerk is not required to refile the various exhibits Haque attached to his complaint, but to the extent those exhibits have relevance to the portions of the amended complaint I have allowed, they are incorporated by reference into the amended complaint.

*Haque's Explanation for his Proposed Amended Complaint*

Haque gives the following explanation for the proposed amended complaint:

1.) The proposed amended complaint no longer lists John and Jane Doe defendants, those individuals have been given names;
2.) Haque now requests a jury trial and seeks monetary damages;
3.) Haque wants to clarify that he is suing defendants in both their individual and official capacities;
4.) He wants to delete from the complaint references to class action status;
5.) He wants to incorporate the prior complaint's other allegations while modifying them in some respects;

    6.) He now requests punitive and nominal damages in addition to his added claim for compensatory damages;

    7.) Additional documents have been added as exhibits.

Motion to Amend (Doc. No. 59) at ¶¶ 2-8.

### *The Defendants' Objections to the Proposed Amended Complaint*

The defendants' first objection is that Haque's proposed amended complaint appears to be filed on behalf of plaintiffs and Haque, who is not a lawyer, cannot amend the complaint on behalf of Andrews. (Resp., Doc. No. 62 at 2). Of course the defendants are correct. To the extent Haque seeks to amend his own complaint to assert allegations on behalf of Andrews, the motion to amend is disallowed. I envisioned after the telephone conference that each plaintiff would file his own proposed amended complaint, raising those issues he felt pertained to him. Then I would determine if there was a sufficient community of interest to allow these two claims to remain joined. Apparently Haque did not entirely understand my instruction and for that I accept responsibility. Nevertheless, those portions of his complaint that attempt to incorporate Andrews's allegations or that reference plaintiffs in the plural are omitted.

The defendants' next objection is that in addition to naming the Jane and John Doe mail clerks of the original complaint, Haque has also added two new defendants, Pease and Drake, who are merely described as grievance review officers. (Id.) I agree with Haque's contention in his reply (Doc. No. 65 at 4) that there is nothing contradictory about identifying both men as grievance officers and the exhibits he submits confirm that both men have ruled upon his grievances and those of others. The problem is that Pease and Drake are mentioned nowhere in the complaint other than to be identified as defendants. The allegations, such as they are, against both men appear to be that they were responsible for processing grievances under department policy and having "input" into the formulation of policy. In a case challenging the

constitutionality of a policy, where the final decision makers and policy architects have already been sued in their official capacity, adding these two administrative underlings would be futile. Haque's proposed amended complaint does not allege any specific facts relating to either defendant. At best his exhibits suggest they may have denied one or more of his grievances pursuant to the policy they were charged with applying. The involvement of Pease and Drake in reviewing and issuing decisions on Haque's inmate appeals does not provide a basis for imposition of liability on them for a constitutional violation committed by mail clerks, the Warden or anyone else. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). If he is seeking to impose liability upon Pease and Drake because he found their individual responses to his grievances to be unsatisfactory, his proposed amended complaint does not state a claim under 42 U.S.C. § 1983 for a violation of a federal law or statute. Lamon v. Junious, No. 1:09-cv-00484-GSA PC, 2009 WL 3248173, *5 (E.D. Cal. Oct. 8, 2009) (order). I, therefore, conclude that the proposed amendment, to the extent it seeks to add Drake and Pease as named defendants should be denied as futile.

      Defendants also object to the formatting of the content of the complaint. I have attempted to solve this objection by subdividing and labeling certain paragraphs in order to assist the defendants in framing an answer to the proposed amended complaint, if that is why they have interposed this objection. I do not consider this "defect" to be particularly grave in the scheme of pro se prisoner litigation. I have also removed the thirty different state statutory references, twenty-nine chapters of policies and procedures, and an internet website. I agree with the State that it represents inartful pleading and unnecessary surplusage and I will strike it from the amended complaint.

      Defendants' have interposed a valid objection to the lengthy (four-page) procedural

history included with the proposed amended complaint.  I grant this objection and have excised this portion of the proposed complaint from the amended version I will allow.  This court is fully able to take judicial notice of its own docket in this case and other cases filed in this court.  Nothing in those entries or orders advances the legal claim set forth in this complaint.  Nor does a discussion of the breakdown of settlement negotiations further the legal claims put forward by plaintiff.  I apply the same analysis to Page 24, the material under the caption "The Plaintiffs' Other Filings in the Court."  I also conclude that Paragraphs 114, 115, and 116 -- which relate to allegations made by plaintiff Andrews and attempt to incorporate his own amendments into this complaint -- are inappropriate, especially in light of the fact that I intend to sever plaintiff Andrews's complaint from Haque's and handle each case separately.

      The defendants also object to Paragraphs 49 through 78 which are recitations of various policies and procedures.  I am not sure what relevance the policy on creating policies has in relationship to this particular lawsuit, but if it becomes supportive of some relevant legal argument, either side is free to call the court's attention to the policy.  To the extent the grievance review policy has relevance to this lawsuit, it will be the parties' obligation to provide the court with the operative portions of that policy that were in effect at the time the various grievances were filed *if* the defendants raise as an affirmative defense the claim that Haque failed to properly exhaust administrative grievance procedure and seek summary judgment on that issue.  The details of the procedure need not be alleged in paragraph by paragraph form, especially since the policy in question at the time was attached to the original complaint as an exhibit.  I agree with the State as to the relevance of these paragraphs and order them stricken from the amended complaint.

      The final challenge by the defendants, and the most frustrating part of this motion to my

way of thinking, is that despite a telephone call where Haque acknowledged that he understood that the mail policy that was the subject of the original complaint was no longer the policy in effect at the Maine State Prison and that a new policy became effective December 1, 2009, Haque's proposed complaint makes no attempt to delete claims related to that policy except, as the state points out, the claim deleted from Paragraph 36 of the original complaint regarding the timeliness of the mail and the claim regarding the property policy found in the original complaint. As the defendants point out, rather than streamline his complaint, Haque has added a random hodgepodge of allegations that may or may not relate to the mail policy and which may or may not have been exhausted through the grievance procedure. Those issues will have to be tested in the context of subsequent motions and litigation. I will allow the additional allegations to be asserted in the amended complaint because I cannot, at this juncture, conclude that they are subject to dismissal under Rule 12 or disposition under Rule 56 of the Federal Rules of Civil Procedure.

*The Actual Amended Complaint*

Normally at this juncture I would enter an order granting in part the motion to amend and instruct the plaintiff to file an amended complaint conforming to this order. Given the history of this litigation and Haque's proven inability/unwillingness[1] to follow through with representations made in more informal contexts, I have decided upon a different course. Due to the court's enhanced optical scanning capabilities and the fact that Haque very professionally typed and

---

[1] I am not suggesting that Haque is incapable of proceeding pro se. To the contrary, he appears quite articulate and intelligent. It is apparent, however, unlike the co-plaintiff in this action who has narrowly focused the issues on the current mail policy procedure that directly applies to his current situation, Haque seeks to expand this lawsuit into a challenge to a number of prison policies. He has every right to attempt to do so. He has chosen the language and the structure of his proposed amended complaint and he must understand that document, after the removal of the parts I have disallowed by this order, will become the operative pleading in this case. Legal challenges by the defendants will be based upon the framework of that document. This litigation will not proceed on the basis of "rolling pleadings" where Haque can continually raise new and unrelated claims based upon his current dissatisfaction du jour with a prison policy. The parameters of the litigation are established by his proposed amended complaint.

numbered the paragraphs of his proposed amended complaint, I have been able to remove the disallowed portions of the proposed amended complaint, while retaining Haque's format and language in order to produce an amended complaint that conforms to this order. I will explain the changes made to Haque's complaint, noting that I have not changed the numbering of any of his paragraphs (although the page numbers have changed due to deleted references.) The page numbers I reference in the chart below are the handwritten numbers on Haque's original proposed amended complaint.

*Changes/Deletions Made to the Original Proposed Amended Complaint*

1.) Page 1 – all references in the plural and to Tyson Andrews have been deleted because the complaint does not apply to Andrews;

2.) Pages 1-8 – the allegations pertaining to Magnusson, Merrill, Costigan, Howlett, Creamer, Anderson, and Shanholtzer have been given subheadings, i.e. 3.a, 3.b, and so forth in order to assist the parties in answering or referencing specific allegations;

3.) Page 2 – the paragraph consisting of a recitation of statutory references and an internet cite has been deleted, and paragraph 3.c immediately above it references Title 34-A of the Maine Revised Statutes, chapter 3;

4.) Pages 4-5 – the paragraphs relating to Pease and Drake have been removed from the amended complaint, because by the terms of this order I have not allowed that amendment to add them as parties for the reasons set forth in this order;

5.) Page 9 – Paragraph Thirteen language referencing Mr. Andrews's claims is deleted;

6.) Pages 11-14 – Paragraphs Eighteen through Forty-eight are deleted for the reason set forth above;

7.) Pages 15-19 – Paragraphs Forty-nine through Seventy-eight are deleted for the

7

reason set forth above;

8.) Pages 22-24 – Paragraphs One-hundred-one through One-hundred-eighteen have been revised through "cut and paste" technology; where Haque indicated he "incorporated by reference" I have printed the actual wording from the original complaint; additionally, I have made the edits he indicated in the proposed amended complaint, and finally I have deleted the paragraphs pertaining to Carr and Andrews as no longer relevant to this complaint;

9.) Pages 24-25 – Paragraphs One-hundred-nineteen through One-hundred-twenty-six, pertaining to plaintiff's additional filings, are deleted because they serve no purpose; the docket speaks for itself;

10.) Page 31 – Paragraph one-hundred-sixty-six pertaining to Andrews's exhaustion of administrative remedies is deleted in accordance with my ruling on the defendants' objection and my intention to sever these two cases;

11.) The claims for relief are amended to reflect the "plaintiff" in the singular and also the language incorporated by reference is actually reproduced for ease of reference.

I believe I have highlighted all of the changes made to Haque's proposed amended complaint.  That being said, the end result of this exercise is to grant in part Haque's motion to amend, while ruling upon the defendants' objections thereto.  Therefore, the clerk is directed to place the attached document on the docket as "Nadim Haque's Amended Complaint" and the defendants will have 21-days to file their response thereto.  Nothing in this order is intended to suggest that the Amended Complaint, including its many conclusory allegations, is sufficient to withstand a motion to dismiss discretely targeted at selected defendants or selected allegations.  In allowing, in part, the amended complaint, I have ruled upon the specific objections made by

defendants in their objection to the motion to amend. I have provided the actual amended complaint only because of my concern that if I simply entered this order on the docket without further guidance, Haque would file yet another version of the amended complaint that would create even greater confusion. The amended complaint sets forth the parameters of Haque's lawsuit and it is within this framework that all subsequent legal rulings pertaining to Haque's claims will be made.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

March 29, 2010                          /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge